```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE SOUTHERN DISTRICT OF IOWA


IN RE:

KEVIN S. WANDVIK                                       Chapter 7

     Debtor.                                Bankruptcy No. 07-03766

HABBO FOKKENA,
U. S. Trustee

     Plaintiff

vs.                                         Adversary No. 08-30106

KEVIN S. WANDVIK

     Defendant.
```

MEMORANDUM DECISION

United States trustee Habbo Fokkena seeks revocation of Kevin S. Wandvik's discharge. Trial was held March 26, 2009 in Council Bluffs. Robert C. Gainer appeared as attorney for Fokkena; John M. Carter appeared as attorney for Wandvik. This is a core proceeding under 28 U.S.C. §157(b)(2)(J).

Fokkena seeks revocation on two grounds:

(1) that Wandvik acquired property of the estate and knowingly and fraudulently failed to deliver or surrender such property to the trustee (11 U.S.C. § 727(d)(2));

(2) that Wandvik has refused in his case to obey a lawful order of the court (11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A)).

The first ground is based on Wandvik's failure to turn over

his tax return for 1992.[1]  The second ground is based on the contention that Wandvik refused to obey a court order requiring him to provide tax returns to the trustee for years 1992 through 2007, or to provide proof he was not required to file such returns.

## Findings of Fact

The court makes the following factual findings based on the stipulation of uncontested facts contained in the parties' joint pre-trial statement (doc. 27):

   1. Defendant filed for bankruptcy relief on November 1, 2007, in the Southern District of Iowa, Council Bluffs Division.

   2. On November 1, 2007, Deborah L. Petersen was appointed as Chapter 7 Trustee in the underlying Bankruptcy Case.  Deborah L. Petersen (hereinafter, Chapter 7 Trustee) served as the Chapter 7 Trustee in Defendant's Bankruptcy Case.

   3. The First Meeting of Creditors pursuant to 11 U.S.C. § 341 (hereinafter, First Meeting) was conducted on December 19, 2007.

   4. At the First Meeting, the Chapter 7 Trustee requested Defendant's turnover of the 1992 through 2007 tax returns.

   5. On January 17, 2008, the Chapter 7 Trustee sent out additional correspondence to Defendant, requesting turnover of state and Federal tax returns for tax years 1992 through 2007.

   6. On February 5, 2008, the Chapter 7 Trustee filed a Motion for Order to Show Cause, premised on Defendant's failure to turn

---

[1] Although in the Amended Complaint and the Pre-Trial Statement Fokkena included tax returns from 1992 through 2003 within the property Wandvik failed to deliver to the trustee, at trial Fokkena appeared to limit his complaint to the 1992 federal tax return.

2

over 2006 and prior years' tax returns to the Chapter 7 Trustee.

    7. The Bankruptcy Court dismissed Defendant's case on March 12, 2008, pursuant to 11 U.S.C. § 521(e)(2)(A) and (B).

    8. The Bankruptcy case was closed on March 14, 2008.

    9. Defendant filed a Motion for Relief from the Order dismissing his bankruptcy case on March 21, 2008.

    10. At the April 15, 2008, hearing on the Motion for Relief from Order, the Court issued a Docket Text Only Order, reading in relevant part--

> [i]t is hereby Ordered that: (1) The motion is granted. This Chapter 7 case is reinstated... (2) By July 15, 2008, the Debtor shall provide the Trustee with tax returns for years 1992 through 2007 or with proof that he was not required to file returns for those years. (3) If the Debtor fails to comply with this order, the United States Trustee or the Chapter 7 Trustee may commence an adversary proceeding to revoke the General Discharge that will be entered in this case in the near future.

    11. On April 15, 2008, Defendant's Bankruptcy Case was reopened, a Notice regarding Reinstatement of Chapter 7 Case was filed by the Court, and Deborah L. Petersen was again appointed Chapter 7 Trustee.

    12. On April 17, 2008, Defendant received his Order Discharging Debtor.

    13. By July 15, 2008, the Defendant had not provided the Trustee with tax returns for years 1992 through 2007, or with proof that Defendant was not required to file returns for those years.

    14. On August 29, 2008, Defendant's bankruptcy case was open, and less than one year had passed from the time that Defendant received his Discharge in Bankruptcy pursuant to 11 U.S.C. § 727.

    15. On August 29, 2008, the United States Trustee filed the instant Adversary Proceeding to revoke Defendant's Discharge.

    16. On September 18, 2008, the United States Trustee filed his Motion to amend his Complaint to Revoke Discharge.  This

Motion to Amend was not contested, and an Order granting the Motion to Amend Complaint was entered on October 3, 2008.

    17. On October 23, 2008, an Amended Complaint to Revoke Discharge (hereinafter, Amended Complaint) was filed by the United States Trustee, and service of the summons was properly executed on Defendant on November 26, 2008.

    18. On October 23, 2008, the Chapter 7 Trustee received from Defendant copies of Defendant's 2004, 2005, and 2007 federal tax returns.

    19. Defendant filed his Answer to the Amended Complaint on December 16, 2008.

The court makes the following findings based on the evidence at trial.

At the meeting of creditors, the trustee asked Wandvik about his tax returns. She said he told her the last return he had filed was 1992. Although there was some confusion at trial as to whether he meant the 1992 return or the 1991 return filed in 1992, I find that the parties believed he meant the federal return for the 1992 calendar year.

On March 11, 2008, prior to dismissal and reinstatement of Wandvik's case, he filed with the court a copy of his 2006 federal income tax return ( No. 07-03766, doc. 28).

Wandvik's case was dismissed on March 13, 2008 (doc. 29) on the trustee's motion to show cause (doc. 23). Among the grounds for dismissal given by the trustee was the "[f]ailure of the Debtor to provide 2006 and prior years tax returns to the Trustee in a timely manner." (Id.) Wandvik and his attorney did not appear at the hearing, apparently because of some confusion as to

4

the location of the hearing in the courthouse and as to whether the hearing had been canceled.

Wandvik moved for reconsideration and a reinstatement of the case (doc. 34). At hearing on April 15, 2008, the court ordered reinstatement and ordered the debtor to provide the trustee with tax returns for 1992 through 2007 or with proof he was not required to file returns for those years (docket text order at doc. 39). Debtor was given until July 15, 2008 to comply (id.).

It was not until October 23, 2008, that Wandvik provided the trustee with copies of filed federal tax returns for the years 2004, 2005, and 2007. At the time he provided those returns, Wandvik submitted a written statement to the trustee. The statement was not offered into evidence, and there was no other evidence of its contents.

Wandvik testified that he did state at the meeting of creditors that the last tax return he filed was for 1992. He said he was not sure and that at the time he was giving his best recollection. He testified that at the time of the meeting he did not have a copy of the return. He never did turn over to the trustee a federal tax return for 1992.

Notwithstanding the trustee's request for tax returns from 1992 through 2007, Wandvik testified that his attorney advised him that he needed to file returns for only three of those years. Wandvik met with James Watson, a CPA and attorney, to obtain

5

preparation of returns. Watson prepared the federal returns for tax years 2004-2007. Carter, as Wandvik's attorney, advised him that there was a statute of limitations on obtaining tax refunds from the IRS.

It is undisputed that prior to bankruptcy Wandvik had not filed any tax returns for tax years after 1992. He testified that for many of those years it would have been "pretty much impossible" to file such returns because he lacked the necessary records. Wandvik said he was advised by Watson that he did not need to file returns prior to the 2004 tax year. Wandvik also testified that he was told (either by Watson or Carter) that it was a violation of the Internal Revenue Code to file an unsubstantiated return.

Throughout the dispute, Carter, on Wandvik's behalf, has argued that the trustee had no authority to require Wandvik to file and to provide copies of tax returns for periods more than four years prior to bankruptcy. Carter has contended throughout that the request for 15 years of tax returns was improper. Wandvik did not appeal from and never sought any other relief from the court's April 15 order requiring turnover of the 1992-2007 returns. It also appears that communication of Wandvik's position to the trustee by attorney Carter was inadequate to permit debtor and trustee to reach any agreement on the filing or provision of returns. Because Wandvik had failed to file and

turn over any returns other than for 2006, Fokkena filed the complaint to revoke discharge.

## Discussion and Conclusions of Law

Fokkena seeks revocation of discharge under 11 U.S.C. § 727(d)(2) for Wandvik's failure to turn over to the trustee his 1992 federal tax return.  To result in revocation, Wandvik's failure must be knowing and fraudulent.  Wandvik has an affirmative duty to cooperate with the trustee including his surrender of property of the estate and any recorded information.  11 U.S.C. § 521(a)(4).  Recorded information includes documents (id.).  It includes existing tax returns.

With regard to federal tax returns, the Bankruptcy Code specifically provides that the "debtor shall provide ... to the trustee a copy of the Federal income tax return required under applicable law ... for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed ...."  11 U.S.C. § 521(e)(2)(A)(i).

Fokkena interprets this requirement to mean that a debtor must turn over the most recent tax return debtor has filed prior to bankruptcy, regardless of when the return was filed.

Failure to comply with § 521(e)(2)(A) will result in dismissal of the case unless the debtor can show the failure was

7

"due to circumstances beyond the control of the debtor." 11 U.S.C. § 521(e)(2)(B).

I disagree with Fokkena's interpretation of the statute. I conclude that the statute requires the debtor to provide the trustee with a copy of the federal tax return for the tax year ending just before the commencement of the bankruptcy. In Wandvik's case, it would have been the 2006 return. Even then, the debtor is required to provide the copy of the return only if he had filed it.

Support for this interpretation is contained in Collier on Bankruptcy.

> The statutory language is somewhat unclear. It appears to require a tax return or transcript only for the most recent year, and not to require it if no return was required or filed in that year. If it were read otherwise, to require a return or transcript for the most recent tax year in which a return was both required and filed, it could require a return or transcript from 20 or 30 years before the case, which might be impossible to obtain and obviously of no relevance to the case.

4 Collier on Bankruptcy ¶ 521.20 (15th ed. rev. 2008).

Wandvik did testify at the meeting of creditors that he thought the last filed return was for 1992, but it was only an estimate. Based on the evidence, I cannot find that Wandvik in fact filed a federal tax return for 1992. I do not interpret the statute to require <u>the filing</u> of either the 1992 or the 2006 return if neither had been filed prior to the date of the bankruptcy petition. Nonetheless, in an effort to comply with

8

the trustee's request, and on advice of his attorney, Wandvik had his 2006 federal return prepared and filed, and he provided it to the trustee on March 11, 2008. It was tardily provided, but it was a return that had to be prepared and provided, not merely provided, as required in § 521(e)(2)(A). I find that Wandvik did not "knowingly and fraudulently" fail to deliver to the trustee an existing tax return that was property of the estate.

Fokkena seeks revocation for Wandvik's refusal to obey a lawful order of the court. 11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A). The court order in question was entered April 15, 2008. It stated in pertinent part:

> By July 15, 2008, the Debtor shall provide the Trustee
> with tax returns for years 1992 through 2007 or with
> proof that he was not required to file returns for
> those years.

(Docket Text Order, doc. 39.)

Fokkena construes the order to require Wandvik to file any unfiled returns that were required to be filed by applicable law. Wandvik contends that the trustee had no authority to request such filings and the court had no authority to order them.

I disagree with Fokkena's construction of the court's order. I construe the order to mean that Wandvik was required to provide to the trustee copies of any tax returns he had actually filed for the years in question or with existing proof that he was not required to file such returns. Wandvik had not filed returns for the years in question. Therefore he had nothing to provide. He

9

also had no proof to provide to show that he was not required to file the returns.

This construction is supported by the Bankruptcy Code. I can find no provision of the Code that requires an individual chapter 7 debtor to file an unfiled federal tax return, even one that was required by applicable law. Section 521(e)(2)(A)(i) has been discussed. It requires the providing of a filed return to the trustee. Section 521(f)(1) requires an individual debtor to file with the court a copy of a federal tax return required under applicable law with respect to each tax year of the debtor ending while the case is pending. It is filed with the court at the same time it is filed with the IRS. However the statute requires filing with the court, not filing with the IRS.

Section 521(f)(2) requires an individual debtor to file with the bankruptcy court a copy of each federal tax return required under applicable law that was filed by the debtor after the commencement of the case for any tax year ending in the three-year period ending on the date the bankruptcy was commenced. It does not require the filing of federal tax returns.

Section 521(j)(1) provides for conversion or dismissal of a case, on request of a taxing authority, if a debtor fails to file a tax return that becomes due after the commencement of the case or if the debtor fails to obtain an extension of the due date for filing. But again, the section does not require the debtor to

10

file such a return; it penalizes the debtor for the failure to file, but only at the request of the taxing authority.

In drafting the Code, Congress knew how to draft a requirement that a debtor <u>file</u> a tax return with the taxing authority.  11 U.S.C. § 1308(a).

Fokkena has cited no statutory authority to force the debtor, under penalty of losing his discharge, to file unfiled tax returns which were required to be filed under applicable law.  I construe the court's order of April 15, 2009 in harmony with these provisions of the Bankruptcy Code.

Wandvik was ordered to provide to the trustee copies of any filed returns for the period 1992 through 2007.  At the time he filed his bankruptcy case, none existed.  After filing, and in an effort to cooperate with the trustee, Wandvik prepared, filed, and provided federal tax returns for the period 2004-2007.  I find and conclude that Wandvik did not refuse to obey the court's order.

IT IS ORDERED that the complaint to revoke the discharge of Kevin S. Wandvik is dismissed.

DATED AND ENTERED   April 2, 2009

/s/ W.L. Edmonds

William L. Edmonds, Bankruptcy Judge